NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—April, 1883.

DIXON v. MANNING.

*In the matter of the estate of* JAMES M. DIXON, *deceased.*

Testator, by his will, gave the bulk of his estate to his executors, to hold,
with the accumulations beyond a sum necessary to pay specified annui-
ties, in trust until his daughter F., the youngest of his two children,
should come of age, and then to divide and distribute the same. He
gave his wife $1,200, annually, until his son R. should come of age, for
the support and maintenance of herself and children; after which
event, until F. should attain majority, F. and the widow were to re-
ceive an annuity of $800, and R. $400. R. died aged 16 years; and
thereafter, the executors paid the widow only $800, per annum, dur-
ing 5 years. On her application to compel them to pay her $400, ad-
ditional, for each of those years,—

*Held,* that the silence of the will, as to any reduction of the widow's annui-
ty in the event of R's death during minority, evinced an intent on the
part of testator that the full amount should continue to be paid not-
withstanding that event; and that, accordingly, the application should
be granted.

PETITION, by Emeline Dixon for a decree compelling
John B. Manning, sole acting executor of decedent's
will, to pay her a balance of an annuity. The facts ap-
pear sufficiently in the opinion.

D. P. HAYS, *for petitioner.*

I. F. FISCHER, *for executor.*

THE SURROGATE.—When this testator executed his will,
his wife was living, and so were his two children, Rich-
mond and Florence. For these three persons, all of
whom survived him, he made it the chief object of his
will to provide. The bulk of his estate he gave to his
executors, to hold the same (together with such income

and accumulations as might exceed the amount necessary for the payment of certain annuities) in trust until Florence, the younger child, should reach the age of 21 years. He directed that his entire estate should then be divided into three parts, and distributed in a manner which, for the purposes of the present inquiry, need not be specified. The provision in relation to annuities was as follows: His wife was given the sum of $1,200 annually, until his son Richmond should become of age, for the support and maintenance of herself and children. From the time that Richmond should attain his majority until Florence should attain hers their mother was to be paid an annuity of $800, while Richmond himself, during the same period, was to be the recipient of $400.

In 1878, Richmond died, being then but 16 years old. The executor has, since that time, made to Mrs. Dixon a yearly payment of $800 only. By the present proceeding she asks him to show cause why he should not be directed to pay an additional sum of $400, for each of the years which have elapsed since the death of Richmond. I think that her application should be granted. The will, when its various provisions are considered together, seems to disclose an intention on the testator's part that, out of the rents, issues and profits of his estate, $1,200 should be, until the general distribution of the principal, annually applied for the support and maintenance of his family. The only contingency in which he directs any reduction of his wife's income for the family support is the contingency of Richmond's arriving at the age of 21, when he might feel disposed to support and maintain himself apart from his mother's control.

The absence of any direct and specific provision in the

will for the situation which now presents itself seems to me to be significant. The testator took pains to direct that, in the event of the death of his wife before Florence should reach her majority, the full sum of $1,200 should be applied in equal shares to the support and maintenance of the two children. Why was he silent as to the amount of annuity which his wife should receive in case Richard should die during his minority, if he intended that, in that event, his wife's annuity should be reduced? It seems, from the executor's answer in this proceeding, that the entire income of the estate has proved insufficient to meet the demand for the annuity.

It is fair to suppose that the testator, knowing the value of his property, knew that the probable income therefrom would be little, if any, in excess of the sum which he wished to be set aside annually for the support of his family. This would fully explain why he deemed it necessary to reduce his wife's annuity after Richmond should come of age, for thus only could he make suitable provision for Richmond between that time and the time of the general distribution of the estate. It by no means follows, however, that before the time when Richard, if he lived so long, should attain his majority, he intended any reduction of his widow's income.

The executors should, therefore, make up Mrs. Dixon's annuity to $1,200 for each year since the testator's death, or, if that be impossible by reason of a deficiency of income, they should make as near an approach to that result as is practicable.

In the settlement of any decree in this proceeding, the testator's daughter should be represented by a special guardian.